■ JOHN BONERT et al., Respondents, v. ARNOLD WHITE et al., Appellants, and TOWN OF HEMPSTEAD et al., Respondents, et al., Defendants.— Motion to amend the order of this court entered July 14, 1958 (6 A D 2d 881) referred to the court that rendered the decision. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. Motion granted and order amended by adding thereto a decretal paragraph permanently restraining appellants. from constructing or maintaining a bulkhead in lands lying westerly of a line in continuation of the westerly line of Front Street as now constituted.. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.

■ CONCOURSE PROVISION CO., INC., Appellant, v. RAYMOND GOBETZ, Respondent.—Motion for leave to appeal to the Appellate Division granted. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ In the Matter of the Arbitration between DELMA ENGINEERING CORP., Appellant, and K & L CONSTRUCTION CO., Respondent.— Motion to amend the order and decision of this court (6 A D 2d 710). Motion referred to the court which rendered the decision. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. Motion granted to the extent of amending the decision handed down May 19, 1958 by striking the last sentence therefrom and by substituting therefor "Under the circumstances, the action brought by respondent, insofar as it seeks to recover $54,026.01, the net amount in controversy between the parties, should be stayed, pending the determination of the arbitration." Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ.

■ JOHN ANASTOS, Respondent, v. GREAT ATLANTIC & PACIFIC TEA CO., Appellant, et al., Defendant.— In an action to recover damages for personal injuries, the summons named appellant as one of the defendants, and the complaint alleged that it was the owner and in control of a motor vehicle involved in the accident from which respondent's injuries resulted. After the joinder of issue, respondent, on discovery that appellant was not the owner of the motor vehicle, moved to amend his complaint. The purpose of the amendment, as stated in a supporting affidavit, was to substitute the name of "The American Tea Company, Inc.," for that of appellant, on the ground that that corporation is a subsidiary of appellant, and that both corporations were insured against liability by the same insurance company. The order appealed from granted the motion and permitted the service of an amended complaint on the attorneys who had appeared for appellant. So far as appears from the record, appellant is still a party to the action and is named as such in the summons, but the amended complaint, which we assume has been served, no longer states a cause of action against it. Appeal dismissed, without costs. Although we know of no authority which would permit the substitution of one corporation for another as a party defendant, it does not appear on the facts disclosed by this record that appellant is a party aggrieved or that the order appealed from violates any of its substantial rights by permitting the amendment of the complaint so as to eliminate the allegations thereof which were directed against appellant. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.